## McELFATRICK v. SIRE.

(Supreme Court, Appellate Term. December 22, 1909.)

PROCESS (§ 73*)—SERVICE—SUBSTITUTED SERVICE—CONDITIONS PRECEDENT—EF-
FORT TO SERVE PERSONALLY.

  Where the process server was told, when he called at defendant's resi-
dence, that he did not live there at present, but was expected to return
when repairs on the property were completed, and was directed to another
address given for information as to defendant's address, substituted serv-
ice should not have issued until at least an attempt was made to locate
defendant by inquiry at the address given.

  [Ed. Note.—For other cases, see Process, Cent. Dig. § 87; Dec. Dig. §
73.*]

Appeal from City Court of New York, Special Term.

Action by William H. McElfatrick against Henry B. Sire. From an
order denying a motion to vacate an order directing substituted service,
defendant appeals. Reversed, and motion granted.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Franklin Bien, for appellant.

Begg, Begg & Begg (Roderick Begg, of counsel), for respondent.

GIEGERICH, J. The affidavits upon which the order for substi-
tuted service was granted do not show proper efforts to find the de-
fendant, Henry B. Sire, in order to make personal service. The affi-
davit of the process server who undertook to serve the summons and
complaint states that when he called at the residence of Henry B. Sire
on June 12, 1909, and asked if Henry B. Sire lived there, he was told
that he did not at present, but that he was expected to return as soon
as the alterations upon the property were completed. The process
server was also told at the same time by the person in charge of the
house that he would have to go to Albert Sire, at 99 Nassau street,
for information as to the address of Henry B. Sire.

There is no evidence that application was ever made to Albert Sire,
at 99 Nassau street or elsewhere, for such information. Before re-
sorting to substituted service, the source of information thus indicated
to the process server should have been made use of, or, at least, an
attempt to do so should have been made by the process server, or some
one else acting on behalf of the plaintiff.

The order should be reversed, with $10 costs and disbursements,
and the motion granted, with $10 costs. All concur.